**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MARQUISE D. CARTER, <br><br> *Plaintiff*, <br><br> v. <br><br> EARLY WARNING SERVICES, LLC <br><br> *Defendant*. | Civil Action No.: 1:24-cv-1482 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Early Warning Services, LLC ("EWS"), by and through undersigned counsel, hereby removes Case No. GV24011646-00 in the General District Court for Prince William County, Virginia (the "State Court Action") to the United States District Court for the Eastern District of Virginia, Alexandria Division. Removal of the State Court Action to this Court is proper for the following reasons:

### I. PROCEDURAL HISTORY AND BACKGROUND

1. On or about July 12, 2024, Plaintiff Marquise D. Carter ("Plaintiff") filed a Warrant in Debt (the "Complaint") in the General District Court for Prince William County, Virginia, styled *Marquise D. Carter v. Early Warning Services*, Case No. GV24011646-00.

2. A true and correct copy of all process and pleadings served and/or filed in the State Court Action are attached hereto as **Exhibit A**.

3. The Complaint and Notice of Service of Process was received by EWS on July 25, 2024, via certified mail. *See* **Exhibit B**.

4. A screenshot copy of the USPS Tracking Online certified mail receipt (Tracking Number 7021 0950 0000 1454 7537) showing receipt of the initial pleadings on July 25, 2024, is attached hereto as **Exhibit B**.

4. EWS is unaware of any additional pleadings in the State Court Action.

5. This Notice is being filed within 30 days after EWS's receipt of a copy of the initial pleadings setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

6. Specifically, in the Complaint, Plaintiff alleges "[m]ultiple violations of the [Fair Credit Reporting Act], [Fair Debt Collection Practices Act], and [Virginia Debt Collection Act]." The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. are both federal statutes.

## II.     GROUNDS FOR REMOVAL

### A.     Federal Question Jurisdiction

7. Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

8. The FCRA and FDCPA are federal statutes, and the basis of Plaintiff's claims is that EWS committed "[m]ultiple violations" of these federal statutes.

9. EWS's position is that it did not violate any federal or state law as it relates to Plaintiff.

10. The parties' claims and defenses thus rest in part on an interpretation of 15 U.S.C. § 1681 *et seq.* and 15 U.S.C. § 1692 *et seq*. Therefore, this case explicitly concerns federal law.

### B.  Supplemental Jurisdiction

11. In addition to his federal claims, Plaintiff also asserts that EWS committed "[m]ultiple violations" of the VDCA – the Virginia Debt Collection Act, Va. Code § 2.2-4800 *et seq.*

12. Upon information and belief, Plaintiff's state law claim stems from the same operative facts and form part of the same case or controversy as his federal claims. Thus, this Court has supplemental jurisdiction over that state claim. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

### III.  COMPLIANCE WITH STATUTORY REQUIREMENTS

13. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon EWS from the State Court Action are attached hereto as **Exhibit A**. Upon information and belief, no other related process, pleadings, or orders have been served upon EWS.

14. This Notice of Removal is timely, as it was filed within thirty (30) days of receipt of the initial pleading and within one year of the commencement of this action as required by 29 U.S.C. § 1446(b). Specifically, EWS received the Complaint via certified mail on July 25, 2024. *See* **Exhibit B.**

15. Upon review of the Court's electronic filing system, no previous Notice of Removal has been filed or made with this Court for the relief sought herein.

3

16. The United States District Court for the Eastern District of Virginia, Alexandria Division, is the federal judicial district encompassing the General District Court for Prince William County, Virginia, where this suit is currently pending. Venue is therefore proper under 28 U.S.C. § 1441(a).

17. Pursuant to the provisions of 28 U.S.C. § 1446(d), EWS will promptly file a copy of this Notice of Removal with the Clerk of the General District Court for Prince William County, Virginia, and will serve a copy upon Plaintiff. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C**.

18. Accordingly, pursuant to 28 U.S.C. §§ 1331 and 1441, the present lawsuit may be removed from the General District Court for Prince William County, Virginia and brought before the United States District Court for the Eastern District of Virginia, Alexandria Division.

19. There are no co-defendants in this matter, and thus 28 U.S.C. § 1446(b)(2) is inapplicable.

### IV.     RESERVATION OF RIGHTS

20. EWS denies any and all allegations contained in Plaintiff's Complaint or in any other filing in the State Court Action, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

21. Further, in making the allegations in this Notice of Removal, EWS does not concede in any way that the allegations in the Complaint are properly raised against EWS, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

22.     EWS reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, EWS expressly requests the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of its position that this action is removable.

WHEREFORE, having met all the requirements for removal, Defendant Early Warning Services, LLC respectfully removes this case from the General District Court for Prince William County, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division, and seeks whatever further relief this Court deems equitable and just.

Date: August 23, 2024                                    Respectfully submitted,

/s/ Zachary A. Turk
Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street, NW, Suite 3000
Washington, DC 20004
Telephone: 202.274.1952
Facsimile: 202.274.2994
Email: zachary.turk@troutman.com
*Counsel for Defendant Early Warning Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August, 2024, a true and correct copy of the foregoing *Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF electronic filing system and sent via Federal Express to the *Pro Se* Plaintiff:

Marquise D. Carter
1290 Bayside Ave. Apt. 11
Woodbridge, VA 22191
*Pro Se Plaintiff*

*/s/ Zachary A. Turk*
Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street, NW, Suite 3000
Washington, DC 20004
Telephone: 202.274.1952
Facsimile: 202.274.2994
Email: zachary.turk@troutman.com
*Counsel for Defendant Early Warning Services, LLC*